THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARIE-LOUISE PAUSON,<br><br>Plaintiff,<br><br>v.<br><br>BAY VIEW LOANS SERVICING LLC,<br><br>Defendant. | CASE NO. C17-1121-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff Marie-Louise Pauson's amended objections (Dkt. No. 1-2) to the United States Bankruptcy Court's proposed findings and conclusions (Dkt. No. 1 at 7) on the motion to dismiss by Defendant Bayview Loans Servicing LLC (Dkt. No. 1 at 14).

The bankruptcy court treated Bayview's motion as one for summary judgment. (Dkt. No. 1 at 8.) The court concluded that there was no dispute of material fact and that dismissal of all claims was appropriate under the doctrine of res judicata, because the matter had already been litigated in the Western District of Washington. (*Id.* at 11-12.)

Pauson first objects that justice was not served because she was *pro se* and could not compete with law firms. (Dkt. No. 1-2 at 2.) While the Court acknowledges that *pro se* litigants can be at a disadvantage, courts in this circuit attempt to remedy that disadvantage by liberally

ORDER
PAGE - 1

interpreting *pro se* pleadings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed."). Pauson's *pro se* status alone is insufficient to conclude that there was any failure of justice.

Pauson further argues that justice was not served because the bankruptcy judge said he would not disagree with a fellow federal judge's ruling. (Dkt. No. 1-2 at 1.) But the doctrine of res judicata leaves no room for any deference or favoritism by the bankruptcy court. Instead, the question is whether the claim had already been resolved by another court; if so, the bankruptcy court had no discretion to rehear the claim. *See Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) ("Res judicata, or claim preclusion, prohibits lawsuits on any claims that were raised or could have been raised in a prior action.").

In her remaining objections, Pauson argues that the bankruptcy court was wrong in dismissing her claims of slander, intentional infliction of emotional distress, and negligence, because they are distinct from the wrongful foreclosure claim that was previously litigated. (Dkt. No. 1-2 at 2.) While Pauson is correct that the claims are not one and the same, the bankruptcy court dismissed the claims because they were derivative of Pauson's wrongful foreclosure claim. (Dkt. No. 1 at 12-13.) This means that Pauson's tort claims depended on and arose from the previously litigated wrongful foreclosure claim. Accordingly, the bankruptcy court properly dismissed those claims as well. *See In re Heritage Hotel Partnership I*, 160 B.R. 374, 376 n.4 (9th Cir. 1993) (finding that res judicata "[c]learly" applied to derivative claims).

For the foregoing reasons, Pauson's objections (Dkt. No. 1-2) are OVERRULED and the Court ADOPTS the Bankruptcy Court's findings and conclusions. (Dkt. No. 1 at 7.) Bayview's motion to dismiss (Dkt. No. 1 at 14) is GRANTED. Pauson's complaint is DISMISSED with prejudice. The Clerk is directed to CLOSE this case.

//
//
//

1 | DATED this 1st day of August, 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 3